# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM O. ROBINSON, | CASE NO. 1:05-CV-01054-REC-LJO-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| JOHN DOE II, | |
| Defendant. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff William O. Robinson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 17, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
4  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
5  8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
7  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
8  consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
9  prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
10 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
11 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
12 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
13 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
14 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
15 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
16 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
17 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
18 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19       B.    Plaintiff's Eighth Amendment Claim

20       The events at issue in the instant action allegedly occurred at California State Prison-
21 Corcoran, where plaintiff is presently incarcerated. Plaintiff is seeking monetary relief, and names
22 Correctional Officer John Doe II as a defendant.

23       In his complaint, plaintiff alleges that he slipped and hurt his back on September 21, 2004,
24 while showering. Plaintiff alleges that inmates are required to bring their shower shoes, the ground
25 is wet outside the shower, and there is nothing available to dry the shower shoes off with. Based on
26 plaintiff's allegations, the court construes plaintiff's claim as one brought for violation of the Eighth
27 Amendment.
28 ///

1   Plaintiff attached a separate, handwritten complaint to his form complaint entitled "First
2   Amended Complaint." The claim alleged in the amended complaint is unrelated to the claim alleged
3   in form complaint. The amended complaint bears the case number CV-05-2786 and alleges a claim
4   for relief against two prison employees at the California Men's Colony in San Luis Obispo. The
5   court takes judicial notice that plaintiff attached the same handwritten amended complaint to the
6   form complaint filed in case number 1:05-CV-1034-OWW-SMS-P Robinson v. Garcia. As in this
7   case, the claim set forth in the amended complaint is unrelated to the claim set forth in the form
8   complaint in case number 05-1034. Although the court can ascertain no reason for the attachment
9   of this amended complaint to the form complaint, the amended complaint is unsigned and cannot
10  be considered by the court in any event. Accordingly, only plaintiff's form complaint will be
11  screened by the court.

12  Turning to plaintiff's claim, to constitute cruel and unusual punishment in violation of the
13  Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain
14  . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive
15  and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical
16  care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986);
17  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming
18  from unsafe conditions of confinement, prison officials may be held liable only if they acted with
19  "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128
20  (9th Cir. 1998).

21  The deliberate indifference standard involves an objective and a subjective prong. First, the
22  alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511
23  U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official
24  must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S.
25  at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane
26  conditions of confinement only if he knows that inmates face a substantial risk of harm and
27  disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials
28  may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting

evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983. Plaintiff has not alleged any facts supporting a claim that defendant Doe "[knew] of and disregard[ed] an excessive risk to [plaintiff's] . . . safety." Farmer, 511 U.S. at 837.

C.   Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983 for deliberate indifference to plaintiff's safety. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

2.   The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   May 13, 2006**          /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE