UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM O. ROBINSON, | CASE NO. 1:05-CV-01054-OWW-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| JOHN DOE II, | |
| Defendant. | (Doc. 20) |

I.  Findings and Recommendations Following Screening of Amended Complaint

    A.  Screening Requirement

Plaintiff William O. Robinson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 17, 2005. On May 15, 2006, the court issued an order dismissing plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. (Doc. 17.) Plaintiff filed an amended complaint on June 14, 2006.[1] (Doc. 20.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Attached to the amended complaint is what, liberally construed, appears to be a request for an extension of time to comply with court orders issued in plaintiff's other cases. If plaintiff needs an extension of time to comply with a court order in a case, he must file a request for an extension of time in that case. Plaintiff may not file, in this case, requests for extensions of time relating to other cases.

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Eighth Amendment Claim

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff is seeking monetary relief, and names Correctional Officer John Doe II as a defendant.

In his amended complaint, plaintiff alleges that officers would only allow inmates to wear shower shoes to the shower, and the floor outside the showers was wet and lacked a safety mat.

Plaintiff alleges that on September 21, 2004, when he went to take his razor to the officer in the tower, he slipped and fell, hurting his lower back. Plaintiff alleges that the officer in the tower saw everything and summoned help. Plaintiff alleges that he must now take a lot of pain medication. Based on plaintiff's allegations, the court construes plaintiff's claim as one brought for violation of the Eighth Amendment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983. Plaintiff has not alleged any facts supporting a claim that defendant Doe "[knew] of and disregard[ed] an excessive risk to [plaintiff's] . . . safety." Farmer, 511 U.S. at 837. In addition to the fact that the amended complaint is devoid of allegations linking an act or omission of defendant

3

Doe to the event complained of, plaintiff's allegations suggest at most a claim for negligence. Negligence does not support a claim for violation Eighth Amendment.

### C. Conclusion

The court finds that plaintiff's amended complaint does not state a claim upon which relief may be granted against defendant Doe under section 1983 for deliberate indifference to plaintiff's safety. The court previously provided plaintiff with notice of the deficiencies in his claim and the opportunity to file an amended complaint curing the deficiencies, but plaintiff was unable to do so. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983. This dismissal shall count as a strike under 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 16, 2006**           /s/ Lawrence J. O'Neill
b9ed48                                        UNITED STATES MAGISTRATE JUDGE